# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GARY R. CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1801 CDP |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Gary Campbell's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, I will deny the petition.

## Background

Petitioner Gary Campbell is serving a sentence of life without parole following his guilty plea to murder, robbery and arson. Campbell shot the victim, Frank Shimek, during a robbery of Shimek's house. He and others later returned to the victim's house and stole a safe containing cash. Campbell poured gasoline throughout the house, causing an explosion and fire in which he was severely burned. After Campbell sought medical attention from an acquaintance who was a nurse, he and the others divided the cash and he then left the state.

On May 30, 2003, Campbell pleaded guilty pursuant to a written plea agreement in the Circuit Court of Lincoln County, Missouri. In exchange for Campbell's guilty plea to murder in the first degree, robbery in the first degree, and arson in the second degree and his agreement to cooperate against others involved in the crime, the state agreed to waive the death penalty and agreed to recommend concurrent life sentences on the murder and robbery counts and a concurrent term of seven years on the arson count, and to dismiss two armed criminal action counts. The trial court accepted the guilty plea and sentenced Campbell to life without possibility of parole.

Six days before his guilty plea, Campbell signed a plea agreement and gave a sworn statement under oath to the prosecution. In that statement he testified extensively about his committing the murder, about the steps leading up to it, and about the events following it. The day before his plea he signed a "Petition to Plead Guilty," in which, among other things, he acknowledged understanding his rights and stated that he was satisfied with counsel. At the guilty plea hearing itself, Campbell admitted under oath that the prosecutor's statement of the factual basis for the plea was correct, and that he had shot the victim during the robbery and had poured the gas that started the fire.

Campbell filed a timely pro se motion for post-conviction relief in state court pursuant to Mo. S.Ct. R. 24.035. His appointed counsel filed an amended motion, alleging that (1) his guilty plea was not knowing and voluntary and he received ineffective assistance of counsel because defense counsel falsely told him that two co-defendants had made statements incriminating him, and (2) there was no factual basis for the guilty plea because the state did not present any facts showing deliberation, an element of the offense of murder in the first degree. The motion court held an evidentiary hearing at which Campbell and his parents testified. The motion court found that there was sufficient evidence of deliberation and that petitioner's testimony that defense counsel lied to him about the co-defendants' statements was not credible, and so it denied post-conviction relief. *Campbell v. Missouri*, No. 04L–CC00130 (Mo. Cir. Ct. Lincoln County Oct. 20, 2005).

On appeal, Campbell argued that his guilty plea was not knowing and voluntary and counsel was ineffective because counsel falsely informed him and his family that two co-defendants had implicated him in the crimes. He argued that but for this misinformation, he would not have pleaded guilty and would instead have proceeded to trial. The Missouri Court of Appeals affirmed the denial of post-conviction relief, finding that the motion court did not clearly err in finding

that the petitioner's guilty plea was voluntary and that Campbel did not receive ineffective assistance of counsel. *Campbell v. Missouri*, No. ED87277 (Mo. Ct. App. Nov. 14, 2006).

Campbell raises two grounds for relief in his petition for habeas corpus: (1) that he received ineffective assistance of counsel because defense counsel falsely informed him and his parents that two co-defendants had made statements incriminating him in the crimes, and that, but for this misinformation, he would not have pleaded guilty and instead would have proceeded to trial, and (2) the state failed to establish a factual basis for the guilty plea to murder in the first degree.

## **Discussion**

Under section (d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

If the petitioner has not properly presented these claims in state court, however, the federal court cannot review them:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). To meet the exhaustion requirement, a petitioner must "'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, (1995) (quoting *Picard v. Conner*, 404 U.S. 270, 275,(1971)).

Campbell did not raise the second of his claims -- that there was no factual basis for the plea -- on his appeal from the denial of post-conviction relief. Because Campbell did not appeal this claim, he did not give the Missouri Court of Appeals the opportunity to consider this claim and correct it if it were wrong, and so he has procedurally defaulted this claim. In order to overcome procedural default of a claim, Campbell would have to demonstrate cause for the default and prejudice from the alleged violations of the Constitution, or must show that failure

to consider the claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply" with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Campbell has made no attempt to show cause and prejudice, or a miscarriage of justice, to excuse the procedural default. In addition, the requirement that the trial judge satisfy himself or herself that there is a factual basis for the guilty plea is mandated by Fed. R. Crim. P. 11 and not by the Constitution. *Cf. McCarthy v. United States*, 394 U.S. 459, 464 (1969) (decision based on construction of federal rules and does not reach constitutional arguments). Moreover, as found by the motion court, this claim was refuted by the record because, at the plea hearing, Campbell expressly agreed that, "after deliberation and knowingly, [he] did . . . cause the death of Frank Shimek by shooting him." Guilty Plea Transcript at 30 (Respondent's Ex. C).

The state courts did fully consider Campbell's claim that defense counsel falsely informed him that two co-defendants had made statements incriminating him in the crimes. The motion court, which heard the evidence, found that the claim was inconsistent with the record and that Campbell was not credible. The Court of Appeals affirmed that decision. This adjudication was not based on an

unreasonable determination of the facts in the state proceeding. 28 U.S.C. § 2254(d)(2). On May 23, 2003, the same day Campbell signed the plea agreement, he acknowledged in a sworn statement that he knew that his co-defendants had not talked to the police because he had threatened them if they were to do so. He and his counsel engaged in a long discussion with the prosecutor regarding whether he would now tell the co-defendants that they had nothing to fear if they spoke with prosecutors. All of that is inconsistent with petitioner's claim that he only decided to plead guilty because defense counsel told him that his co-defendants had made statements incriminating him in the crimes. This finding defeats petitioner's claim that, because of this allegedly false information, his plea was not knowing and voluntary, that he would not have pleaded guilty and would have proceeded to trial, and that defense counsel was ineffective. The state court decision was not based on an unreasonable determination of facts, nor was it contrary to clearly established federal law. I will therefore deny the petition for writ of habeas corpus.

## Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U .S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial

of a federal constitutional right. *Id.* at § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Campbell's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that Gary Campbell's petition for writ of habeas corpus [#1] is denied.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

A separate judgment in accord with this Memorandum and Order is issued this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2011.